## COUNTY OF CALEDONIA,

##### AT THE

#### AUGUST TERM, 1865.

PRESENT:

HON. ASA O. ALDIS,
HON. JOHN PIERPOINT,       } ASSISTANT JUDGES.
HON. JAMES BARRETT,
HON. ASAHEL PECK,

---

REUBEN F. BONNETT *v.* THE TOWN OF GUILDHALL.

*Bounty.    Soldiers.    Contract.*

The plantiff enlisted for the town of G. and became entitled to its bounty of $300. when mustered in. He then deserted G. and was mustered in to the credit of the town of L., induced by the offer of a larger bounty which he received; but the mustering-in officer upon being informed of the facts withdrew his credit from the quota of L. and credited him to G. *Held,* that the plaintiff having performed his contract with G. though by compulsion, was entitled to his bounty from G.

ASSUMPSIT to recover $300. bounty from the town of Guildhall for the plaintiff's enlistment into the military service of the United

States to the credit of said town.  The case was submitted to the court at the June Term, 1865, POLAND, Ch. J., presiding, upon a statement of facts agreed to by the parties, which is sufficiently set forth in the opinion of the court.

The court decided that the plaintiff was entitled to recover the amount of the bounty agreed to be paid by the town of Guildhall, deducting such expense as the town were at in procuring the plaintiff to be accredited on the quota of that town,—to which decision the defendant excepted.

*H. Heywood,* for the defendant.

*Ross & Burbank,* for the plaintiff.

The opinion of the court was delivered by

ALDIS, J.   The plaintiff enlisted for the town of Guildhall, was counted on its quota, and entitled to its bounty of $300., when mus_ tered into the service of the United States.  When his contract with Guildhall had become binding on both by his signing the enlistment contract, he was induced by the offer of the larger bounty of $600. from the town of Lyndon, to desert Guildhall, and with the fraudulent connivance of the agents of Lyndon to hurry to Brattleboro and there be mustered in to the credit of Lyndon and upon its quota.

At this point it is clear that if Guildhall had stopped and done nothing more in regard to him, that town would have been released from the obligation to pay him the bounty.  He had abandoned the bargain and could not require the town to perform on their part.

But the selectmen of Guildhall took his enlistment contract, went to the mustering-in officer and stated the facts, and the officer withdrew Bonnett from the quota of Lyndon and credited him to Guildhall, and Bonnett was compelled to serve out his time for Guildhall according to his enlistment contract.  By these acts Guildhall has received the whole benefit of the plaintiff's enlistment contract with them.  Bonnett having fully performed his contract (though by compulsion) why should he not have the benefit which was secured to him by it?  And why should not Guildhall pay the bounty, having received its full equivalent?

It is said that the plaintiff obtained $600. from Lyndon through his fraudulent arrangement with that town.  But that fact does not affect Guildhall.  It neither goes to the credit nor to the injury of

Guildhall.  It has not prevented Guildhall from receiving the full benefit of its contract with the plaintiff.

As between the plaintiff and Lyndon, their rights and remedies must be settled between themselves.  If both were alike guilty of fraud they must take the consequences, suffer the penalties and enjoy the advantages, which the law by its established rules visits upon or permits to such transgressors.  Their fraud and wrong cannot discharge Guildhall from its legal obligations.  There is no privity,— no legal connection between their wrong doing and Guildhall's contract.

Judgment affirmed.